Commonwealth *v.* Jaynes, Appellant.

Submitted September 25, 1967. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Boyd F. Jaynes,* appellant, in propria persona.

*Richard F. Brabender,* First Assistant District Attorney, and *Lindley R. McClelland,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, November 14, 1967:

After a 1965 plea of guilty to voluntary manslaughter, appellant was sentenced to 6-12 years. No timely appeal was taken but a post-conviction petition was presented to the Erie County Court of Oyer and Terminer. This petition was denied and an appeal errone-

ously taken to the Superior Court which thereupon certified the matter to our Court for disposition.

Appellant requested that counsel be appointed for his post-conviction proceeding. There is no indication of record that appellant had the financial resources to procure counsel of his choice, and appellant did state in his petition that he was without funds. Since appointment of counsel for an indigent is mandatory under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-12 (Supp. 1966), the order of the court below is vacated and the record remanded for the appointment of counsel. See *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A. 2d 148 (1967) ; *Commonwealth v. Richardson,* 426 Pa. 419, 233 A. 2d 183 (1967) ; *Commonwealth v. Hoffman,* 426 Pa. 226, 232 A. 2d 623 (1967).

The order of the Court of Oyer and Terminer of Erie County is vacated and the record remanded to that court with instructions to appoint counsel to represent Boyd Franklin Jaynes in a post-conviction proceeding at which his eligibility for an evidentiary hearing and/or other relief may be determined.

Mr. Justice COHEN took no part in the consideration or decision of this case.