Commonwealth *v.* Jaynes, Appellant.

98

Submitted September 29, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Eugene J. Brew,* for appellant.

*James R. Dailey,* Assistant District Attorney, and *William E. Pfadt,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1970:

On November 10, 1965, Boyd Franklin Jaynes, who had been charged with the murder of Myrtle Ball, *pleaded guilty* to voluntary manslaughter *while represented by two Court-appointed counsel.* He was fined $250 and sentenced to undergo imprisonment for from six to twelve years, the maximum term for the crime. Defendant filed no motion for a new trial and took no appeal.

Jaynes, who was an indigent, subsequently* filed a petition under the Post Conviction Hearing Act, seeking a new trial. The lower Court refused defendant's request that counsel be appointed to represent him in the post-conviction proceedings, and denied his prayer for relief. An appeal was erroneously taken to the Superior Court, which certified the matter to this Court for disposition. In *Commonwealth v. Jaynes*, 427 Pa. 398, 235 A. 2d 149, we vacated the Order of the lower Court which denied Jaynes's petition, and ordered the record remanded, with instructions to appoint counsel to represent Jaynes in said post-conviction proceedings. *Counsel was appointed* and a hearing was held on June 11, 1968. On January 24, 1969, the hearing Judge filed an Opinion and an Order dismissing the defendant's petition for relief. This appeal followed.

Jaynes filed a brief in this Court in which he makes a number of contentions dealing, inter alia, with issues such as arrest without a warrant, illegal search and seizure, and improper "in-custody" procedure. None of these contentions is supported by the record, nor were any raised by his attorney in his brief. The sole contention which was made in his attorney's brief was that defendant did not make his guilty plea "knowingly, voluntarily and intelligently" because he was not properly advised by his counsel that the credible evidence of the Commonwealth was not sufficient to convict him of murder.

Defendant urges that his trial attorneys were not interested in his case and, because of this, were anxious to have him plead guilty regardless of the weakness of the Commonwealth's case or the insufficiency of its evidence. On the day following defendant's arrest, the trial Court appointed an attorney to represent the de-

---

* No date appears in the record; the Court of Erie County should enter the date whenever such petitions are filed.

fendant, and a few days later appointed co-counsel. The chief attorney for defendant had wide experience in the trial of criminal cases and had served as Assistant District Attorney and District Attorney in Erie County. The record indicates that the representation by these attorneys was vigorous and able. In addition to their participation at defendant's preliminary hearing, which covered four separate sessions before the defendant was bound over, they petitioned the Court for a writ of habeas corpus in an effort to test the strength of the Commonwealth's evidence. After the writ of habeas corpus was denied, defendant's attorneys then instituted intensive discovery proceedings in defendant's behalf.

In *Commonwealth v. Hill*, 427 Pa. 614, 235 A. 2d 347, the Court said (pages 616, 617) : "On the issue of Hill's guilty plea, we start with the well established doctrine set forth in Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 85, 202 A. 2d 299, 302 (1964), cert. denied, 379 U.S. 976, 85 S. Ct. 677 (1965). As the Court there noted: 'When an accused pleads guilty to an indictment, it is presumed that he is aware of what he is doing: [citing cases]. Hence, the burden of proving otherwise is upon him.' . . .

"As this Court has said on numerous occasions: 'A plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects and defenses.' Commonwealth v. Garrett, 425 Pa. 594, 597, 229 A. 2d 922, 924 (1967) ; Commonwealth ex rel. Foeman v. Maroney, 420 Pa. 486, 218 A. 2d 230 (1966) ; Commonwealth ex rel. Walls v. Rundle, 414 Pa. 53, 198 A. 2d 528 (1964)." Accord: *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737.

Defendant has utterly failed to meet this burden. Defendant testified at the post-conviction hearing that *he knew he was pleading guilty to voluntary manslaughter* and that his attorney told him, prior to his

plea, what the crime was and that the maximum sentence was six to twelve years, although his attorney said he would ask the Court for a lighter sentence. His counsel testified (1) that he also explained to defendant murder and the degrees of murder, and (2) even more importantly, that "defendant's plea of guilty was voluntary," although he thought that defendant would receive a sentence of less than the maximum. Defendant testified that, although he received no assurance of a lighter sentence, he thought he would receive a lighter sentence, and that was one of the main reasons he pleaded guilty. As Jaynes admitted at the hearing, "One second after my sentence, I wasn't satisfied." It is clear that the real reason for his present post-conviction hearing petition is that he was dissatisfied because the Court gave him the maximum sentence.

In *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A. 2d 338, the Court said (page 56) : *"The fact that in the finding of the Court as to the degree of defendant's guilt and the sentence imposed, the expectations or hopes of appellant and her counsel were not realized is not the kind of 'mistake or misapprehension' which in the interest of Justice, justifies the withdrawal of a plea of guilty."** See also, *Commonwealth v. Green,* 396 Pa. 137, 151 A. 2d 241.

There is absolutely no merit in any of defendant's contentions.

Order affirmed.

---

* Italics in *Commonwealth v. Kirkland.*