Commonwealth *v.* Knowles, Appellant.

Submitted April 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Leon H. Kline,* for appellant.

*Arthur R. Makadon,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard*

*A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

In 1946 appellant pleaded guilty to murder generally. Following a degree of guilt hearing, he was found guilty of murder in the first degree and sentenced to life imprisonment. No appeal was taken. On April 18, 1966, appellant filed the present PCHA petition, alleging, inter alia, that his plea of guilty was induced by counsel's promise of a ten to twenty year sentence. The petition was dismissed without a hearing, but, on motion of the Commonwealth, we remanded the case for a proper evidentiary hearing. Following this hearing, with counsel, relief was denied. This appeal was then prosecuted, and we affirm.

Appellant urges simply that his plea was not knowingly and intelligently entered, and that it was a product of counsel's promise of leniency. At the PCHA hearing appellant testified to this effect; trial co-counsel, however, testified that no such promise had ever been made. He stated that the only discussion with appellant as to sentence was whether he would get life imprisonment or the death penalty. While counsel did advise him that he would more likely avoid the death penalty by pleading guilty, it was not until the day of trial that appellant decided to change his plea.

The hearing court specifically disbelieved appellant's testimony, finding as a fact there had been no plea bargaining or promise of leniency, and that appellant's plea was knowingly and intelligently entered. Although this is a silent record case, the plea was taken long before our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968), and hence the burden of proof in this collateral proceeding re-

mained upon appellant. *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970). That being the case, and no abuse of discretion being shown in the hearing court's factual findings, those findings must be affirmed.

The order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.