## Commonwealth v. McBride, Appellant.

Submitted November 10, 1969; reargued March 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*W. Bourne Ruthrauff,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Arthur R. Makadon,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

On June 23, 1965, appellant pleaded guilty to murder generally. At his degree of guilt hearing, the Commonwealth certified that the case would rise no higher than voluntary manslaughter, and the judge found appellant guilty of that offense, sentencing him to a term of one and one-half to five years in prison. No appeal was taken. On September 18, 1968, appellant filed a petition pursuant to the Post Conviction Hearing Act, alleging that his plea was not knowingly and voluntarily entered, and that his plea was motivated by an unconstitutionally obtained confession. After an evidentiary hearing, with counsel, the hearing court decided these claims adversely to appellant and this appeal followed.

On January 30, 1970, the appeal having been submitted on the briefs, we held that appellant was entitled to a new evidentiary hearing on his claims. Since the record was silent as to what transpired when appellant entered his plea of guilty, the hearing court, we found, had incorrectly placed on appellant the burden of proving at the PCHA hearing that his plea was involuntary, when the burden should have been placed on the Commonwealth to prove that it was voluntary. Our holding was in accord with three recent decisions of the Third Circuit—*United States ex rel. Fink v. Rundle,*

414 F. 2d 542 (3d Cir. 1969), *United States ex rel. Crosby v. Brierley*, 404 F. 2d 790 (3d Cir. 1968), and *United States ex rel. McCloud v. Rundle*, 402 F. 2d 853 (3d Cir. 1968)—as well as what we perceived to be the implications of two recent decisions of the Supreme Court of the United States—*Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969), and *McCarthy v. United States*, 394 U.S. 459, 89 S. Ct. 1166 (1969).

Following our decision the Commonwealth timely petitioned for reconsideration and oral argument, asserting, inter alia, that the Third Circuit was considering the abandonment of its holdings in *McCloud, Crosby* and *Fink*. The Commonwealth's petition was granted, and oral argument held. Following oral argument the Third Circuit handed down its en banc decision in *United States ex rel. Grays v. Rundle*, 428 F. 2d 1401 (3d Cir. 1970), in which it did overrule the above cases, holding that even in "silent record" cases the burden of persuasion must rest with the petitioner.

Accordingly, under the Third Circuit's view of federal law, the hearing court in this case properly placed the burden of proof on appellant. The hearing court's allocation was likewise correct under our own decisions, which have held that only in silent record cases tried after *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), would the Commonwealth "be faced with at least a shift in the burden of proof." *Commonwealth v. Cushnie*, 433 Pa. 131, 135, 249 A. 2d 290, 293 (1969). The burden having been properly placed on appellant, and no abuse of discretion having been shown in the hearing court's finding that appellant has not carried that burden, the finding must be affirmed.

Appellant's second contention is that an unconstitutionally obtained confession motivated the guilty plea. The hearing court stated that "[t]he defendant

84

did not testify before us that his confession in any way motivated him to plead guilty, and it is apparent that such confession played no part in his subsequent guilty plea." In view of this finding, the hearing court quite properly denied appellant relief on this ground. See, e.g., *Commonwealth v. Copeland*, 439 Pa. 293, 268 A. 2d 751 (1970).

The order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.