## Commonwealth *v.* Martin, Appellant.

42

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused March 25, 1971.

*William J. Joyce, William G. McConnell,* and *Cusick, Madden, Joyce & McKay,* for appellant.

*Robert F. Banks,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 7, 1971:

In 1952, appellant, John Martin, was convicted of first degree murder by a jury, which fixed the penalty at death. He was represented by two very competent attorneys, B. H. Marks and Hiram M. Drake. Marks and Drake are now dead. Defendant appealed to this Court and we granted a new trial because he was not permitted to poll the jury. *Commonwealth v. Martin,* 379 Pa. 587, 109 A. 2d 325. At his arraignment on

remand, on June 13, 1955, defendant, while still represented by Marks and Drake, pleaded guilty generally to the murder for which he was indicted, and he was sentenced to life imprisonment. There was no on-the-record inquiry to show the voluntariness of his plea or his awareness of its consequences, as required by *Boykin v. Alabama,* 395 U.S. 238. See also, *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196. No post-trial motions were filed and no appeal was taken.

On December 29, 1964, defendant-appellant filed a petition in forma pauperis, without counsel, for a writ of habeas corpus. This was denied without a hearing by the Mercer County Court of Common Pleas and no appeal was taken.

Seventeen years after the murder and fourteen years after his guilty plea, appellant, on July 23, 1969, while represented by the Public Defender, filed a Post Conviction Hearing Act petition alleging that there was introduced into evidence a statement made by him in the absence of counsel at a time when representation was Constitutionally required; that there was a violation of his Constitutional privilege against self-incrimination; that his plea of guilty was unlawfully induced; and that there was obstruction by State officials of his right of appeal. An amended petition filed by his counsel on May 28, 1969, alleged that defendant's guilty plea was unlawfully induced; that the plea was not made voluntarily; that the plea was not made after proper advice; and that the plea was not made with any understanding of its possible consequences. After a hearing, the petition was denied by the hearing Judge, but appellant was granted the right to appeal the judgment of sentence. We treat this both as an appeal from the Order of the lower Court denying relief of his Post Conviction Hearing Act petition and an appeal nunc

pro tunc from the 1955 judgment of sentence of murder.

Most of appellant's contentions asserted in the Post Conviction Hearing proceeding below are not being raised on this appeal.

Appellant first urges that we reconsider *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A. 2d 923, which held that *Boykin v. Alabama*, 395 U.S., supra, was to be applied prospectively only. In *Godfrey*, this Court very carefully considered the question of retroactivity and, in the absence of a contrary or clarifying and controlling decision by the Supreme Court of the United States, we decline to change or overrule it. Therefore, although the trial Judge in 1955 failed to indicate on the record sufficient facts from which it could be established that defendant's plea was intelligently, knowingly, and voluntarily made, this was not then Constitutionally required and cannot now serve as the basis for vitiating defendant's guilty plea.

Appellant's second contention is that the Court erred in placing upon him the burden of proving that his plea was not voluntarily, knowingly, and intelligently made. In *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737, and in *Commonwealth v. Knowles*, 440 Pa. 84, 269 A. 2d 739, we held that a defendant whose guilty plea was made before our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa., supra, has the burden of proving this contention. Moreover, irrespective of who has the burden of proof, our examination of the record convinces us that the Post Conviction Hearing Act Judge correctly concluded that appellant's guilty plea was voluntarily, knowingly, and intelligently made.

We find no merit in any of appellant's contentions.

Judgment of sentence affirmed.

Mr. Justice COHEN took no part in the decision of this case.