## Commonwealth *v.* Lundy, Appellant.

Submitted November 9, 1970.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Alfred P. Filippone,* and *Girone & Filippone,* for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 18, 1971:

On February 11, 1964, two police officers were summoned to the apartment of defendant-appellant, Larry Lundy, at 3242 North 17th Street in Philadelphia. Upon entering the apartment, the police officers discovered the body of Everrett Miller, a 16-year-old male who had been repeatedly stabbed. Later the same day, the boy died of the stab wounds.

On February 14, 1964, the defendant turned himself in to the police. A few hours after surrendering himself, defendant signed a written statement in which he confessed that he stabbed the victim.

In March of 1964, the defendant was indicted for murder, and two attorneys were appointed to represent him. On November 29, 1965, appellant pleaded guilty to murder generally before three Judges. Defendant was adjudged guilty of murder in the first degree and

sentenced to life imprisonment. No direct appeal was taken.

On November 26, 1968, defendant filed a Post Conviction Hearing Act petition, asserting eight grounds for post-conviction relief. A hearing before another Judge was held on July 9, 1969. The hearing Judge correctly determined that of the eight grounds asserted by the appellant, only three had been effectively raised: (1) that his guilty plea was unlawfully induced; (2) that his confession was obtained by the police in violation of his Constitutional rights and the same was unlawfully introduced in evidence at his trial; and (3) that he was denied representation by competent counsel. After careful consideration of these grounds, Judge Nix dismissed the post-conviction hearing petition on May 25, 1970. From the dismissal of the Post Conviction Hearing Act petition, this appeal was taken.

Appellant's sole contention on this appeal is that he should be granted a new trial because his guilty plea was not voluntarily, knowingly and intelligently entered.

Initially, it must be noted that since the appellant's guilty plea was entered prior to our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196, he has the burden of proving that his guilty plea was not voluntarily entered. As this Court recently stated in *Commonwealth v. Martin*, 442 Pa. 41, 272 A. 2d 169 (page 44): "In Commonwealth v. McBride, 440 Pa. 81, 269 A. 2d 737, and in Commonwealth v. Knowles, 440 Pa. 84, 269 A. 2d 739, we held that a defendant whose guilty plea was made before our decision in Commonwealth ex rel. West v. Rundle, supra, has the burden of proving this contention."

Appellant contends that *his guilty plea was involuntarily entered because the plea was induced by an involuntary confession.* Prior to signing the confession,

appellant was warned that he had a right to remain silent and that anything he said would be used against him. However, appellant was not informed that he had a right to counsel. Since appellant's trial occurred on November 29, 1965, the rules stated in *Escobedo v. Illinois,* 378 U.S. 478, are the controlling rules, rather than those of *Miranda v. Arizona,* 384 U.S. 436, which was held not to be retroactive in *Johnson v. New Jersey,* 384 U.S. 719. While it is clear that the appellant's confession would be inadmissible under the *Miranda* rules, the same does not hold true under *Escobedo.* The *Escobedo* case holds that a defendant is not deemed deprived of his right to counsel unless he *requests* counsel and this request is denied. *Commonwealth v. Jefferson,* 423 Pa. 541, 226 A. 2d 765. In the present case, no allegation of a request for counsel and a denial thereof was made, and therefore the lack of a warning of a right to counsel at a time when such a privilege was not Constitutionally mandated does not render the confession involuntary.

Even if we were to find that the confession was involuntary, this would not, in and of itself, establish that the guilty plea was not voluntarily, knowingly and intelligently entered. As this Court said in *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481 (page 593) : "The key question is whether the defendant had the opportunity to make a reasonable choice. The existence of an involuntary confession does not, in itself, demonstrate that the defendant did not make a reasonable choice, and thus it cannot establish, in itself, that the plea was not intelligently and knowingly entered."

The appellant failed to establish that he did not have a reasonable choice of pleas and that his guilty plea, made while represented by two experienced trial counsel, was not voluntarily, knowingly and intelligently entered.

12

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.