Commonwealth *v.* Allen, Appellant.

Argued April 28, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Edmund E. DePaul,* with him *DePaul & Manos,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *Norris E. Gelman,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Chief Justice Bell, June 1, 1971:

On November 10, 1948, appellant David Allen, Jr. was tried before a jury for murder, voluntary manslaughter and involuntary manslaughter. These charges arose from the fatal shooting of a Philadelphia police officer on June 13, 1948. After the Commonwealth had presented its case, the appellant, who was represented by an attorney, withdrew his plea of not guilty and entered a plea of guilty to murder generally. Three Judges were impaneled to determine the degree of guilt. After a hearing, the three-Judge Court found appellant guilty of murder in the first degree and imposed a sentence of life imprisonment. No post-trial motions were filed.

In December of 1966, appellant filed a petition under the Post Conviction Hearing Act.* After a hearing, the Judge found that (1) appellant had not been informed of his post-trial rights, i.e., the right to file post-trial motions or to appeal the verdict, (2) appellant had not knowingly and intelligently abandoned or waived his post-trial rights, and (3) appellant was deprived of effective assistance of counsel *following his conviction.* The Court entered an Order on June 13, 1968, allowing appellant to file post-trial motions and ordering a Court en banc be convened to hear argument on appellant's motions.

Appellant's motions were heard by a three-Judge Court on December 10, 1969. On May 25, 1970, a final Order was entered by the Court denying appellant's post-trial motions, and thereafter this appeal was taken. In all the above-mentioned proceedings, appellant was represented by counsel.

In this appeal, appellant presents three questions: (1) whether the examination of certain witnesses by

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

the trial Judge was so prejudicial as to necessitate the granting of a new trial; (2) whether appellant's guilty plea was voluntarily, knowingly and intelligently entered; and (3) whether appellant was afforded effective assistance of counsel during his trial.

Appellant complains that during the course of his actual trial and before he entered his guilty plea, the trial Judge cross-examined certain witnesses in a manner which helped the Commonwealth prove its case. The alleged improper action by the trial Judge is of no moment, because, as we recently said in *Commonwealth v. Culbreath*, 439 Pa. 21, 264 A. 2d 643 (page 26) : " ' "A plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects and defenses." Commonwealth v. Garrett, 425 Pa. 594, 597, 229 A. 2d 922, 924 (1967) ; Commonwealth ex rel. Foeman v. Maroney, 420 Pa. 486, 218 A. 2d 230 (1966) ; Commonwealth ex rel. Walls v. Rundle, 414 Pa. 53, 198 A. 2d 528 (1964).' Commonwealth v. Hill, 427 Pa. 614, 617, 235 A. 2d 347." See also *Commonwealth v. Jaynes*, 440 Pa. 97, 269 A. 2d 457; *Commonwealth v. Baity*, 428 Pa. 306, 237 A. 2d 172. Accord, *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737. Therefore, any alleged errors which occurred during the uncompleted trial were waived when appellant entered his guilty plea.

Appellant next contends that his guilty plea was not voluntarily, knowingly and intelligently made. The test for voluntariness was recently set forth in our Opinion in *Commonwealth v. Enty*, 442 Pa. 39, 271 A. 2d 926, wherein we stated (page 40) : "The test for the voluntariness of a plea of guilty has been iterated numerous times, although at times in slightly different language, and may be thus stated: To be Constitutionally valid, a plea of guilty must have been voluntarily, knowingly and intelligently made, i.e., with an under-

standing of the nature of the charges against him, his right to a jury trial and an awareness of the consequences of his plea. Commonwealth v. Roundtree, 440 Pa. 199, 269 A. 2d 709; Commonwealth v. Cottrell, 433 Pa. 177, 249 A. 2d 294; Commonwealth ex rel. Barnosky v. Maroney, 414 Pa. 161, 199 A. 2d 424; Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A. 2d 196; Boykin v. Alabama, 395 U.S. 238, 242."

Since the guilty plea was entered prior to our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196, appellant has the burden of proving that his guilty plea was not voluntarily, knowingly and intelligently made. As this Court recently stated in *Commonwealth v. Martin,* 442 Pa. 41, 272 A. 2d 169 (page 44) : "In Commonwealth v. McBride, 440 Pa. 81, 269 A. 2d 737, and in Commonwealth v. Knowles, 440 Pa. 84, 269 A. 2d 739, we held that a defendant whose guilty plea was made before our decision in Commonwealth ex rel. West v. Rundle, supra, has the burden of proving this contention." Having carefully reviewed the record, it is clear that the appellant has failed to carry this burden.

At the hearing on the P.C.H.A. petition, appellant's counsel, M. Philip Freed, testified that he informed appellant of the consequences of a guilty plea. He said, "I would have under no circumstances pleaded the person guilty without him having full knowledge of what the circumstances were." Appellant's testimony was to the contrary. Thus the hearing Judge was faced with the question of credibility, and we find no error in his choosing to believe the testimony given by Mr. Freed. *Commonwealth v. Holl,* 434 Pa. 312, 254 A. 2d 11; *Commonwealth v. Enty,* 442 Pa., supra; *Commonwealth v. Lovett,* 442 Pa. 105, 275 A. 2d 329 (1971).

Finally, appellant contends that he was denied effective assistance of counsel at trial. In our recent decision in *Commonwealth v. Lovett,* 442 Pa., supra, we

reiterated the guidelines for testing the effectiveness of counsel (pages 108-09) : "Our Court set forth the guidelines for testing effectiveness of counsel in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349. In that case, we stated (pages 604-5) : 'Our task in cases of this nature therefore encompasses both an independent review of the record, see Commonwealth ex rel. Sprangle v. Maroney, 423 Pa. 589, 225 A. 2d 236 (1967), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.' " (Italics in original.)

A careful review of the record establishes that appellant was afforded effective assistance of counsel at trial. The Commonwealth presented numerous witnesses to establish that appellant shot and killed the policeman. There was testimony to the effect that the appellant tripped the policeman and then, while kneeling on top of him, removed the policeman's gun from its holster and shot him four times. Additionally, the Commonwealth introduced a spontaneous confession in which appellant admitted the killing. Faced with the very real possibility that the jury would sentence appellant to death, it was not unreasonable for appellant's attorney to counsel appellant to enter a guilty plea which resulted, as above mentioned, in a sentence of life imprisonment.

We have considered all of the contentions which appellant has raised, and we find no merit in any of them.

Order affirmed.