Commonwealth *v.* DeShields, Appellant.

352

Submitted March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Andrea C. Levin* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 22, 1971:

Appellant was indicted on charges of larceny of a motor vehicle and receiving stolen goods. He pleaded not guilty, waived a jury trial, and proceeded to trial on January 19, 1966. During direct examination of the Commonwealth's second witness, appellant's counsel told the court that, although he had not yet convinced his client, he thought there would be a change of plea. The trial record then notes that appellant, up-

on being re-arraigned, pleaded guilty to the charges and admitted taking the car. He received a one- to three-year sentence.

On August 30, 1968, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.,* in which he alleged only that he was not given an opportunity to challenge the array of the grand jury. Counsel was appointed to represent him and an evidentiary hearing was held. Prior to this hearing, an amendment to the PCHA petition was filed which alleged, for the first time, that the guilty plea was entered without an understanding of the consequences of the plea. At the hearing, appellant testified that neither his trial counsel nor the court had explained to him the significance or consequences of a guilty plea, and that his attorney "projected" the idea of pleading guilty although appellant, because of a prior arrest and hearing, was aware that he did not have to plead guilty.

The only other witness was appellant's trial counsel, called as a Commonwealth witness, who testified that the decision to plead guilty was appellant's based on counsel's advice; that he advised appellant to plead guilty because, on the basis of the facts he had at that time, he felt there was no chance appellant would be found not guilty; and, that he did not explain to appellant any of the consequences of a guilty plea other than the fact that he would probably receive a more lenient sentence if he pleaded guilty.

On April 17, 1970, Judge DOTY denied the PCHA petition, holding that the guilty plea was knowingly, intelligently, and voluntarily entered and that the sentence imposed was proper. Appellant appeals this dismissal, contending that the guilty plea was entered without a full understanding of its consequences. We affirm.

The trial record in this case fails to show any examination by the trial court to determine whether the guilty plea was intelligently and voluntarily made. However, the guilty plea was entered prior to the Pennsylvania Supreme Court's decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), and, therefore, despite the silent record, the burden of proof rests upon appellant to show that the guilty plea was not knowingly and intelligently entered. *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970). ". . . [O]ur cases have not prescribed a fixed procedure whereby voluntariness and understanding are to be determined, and, thus, we have not disturbed convictions based upon guilty pleas merely because the court failed to examine the defendant at the time it accepted his plea. The issue of voluntariness of a plea of guilty has been treated as factual, and the validity of a plea to be resolved on a case by case basis according to the defendant's actual understanding of the plea and willingness to enter it. . . ." *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 7, 222 A. 2d 918, 922 (1966). Therefore, the issue for the post-conviction hearing court to determine in the instant case was whether the factual circumstances surrounding the case indicated that the petitioner had an understanding of the consequences of the guilty plea.

The fact that appellant's uncontradicted testimony was that he did not understand the consequences of his plea does not mean that he had fulfilled his burden of proving that his plea was not knowingly entered. Numerous cases have held that the hearing court may dismiss the petition if it chooses to disbelieve a petitioner's testimony, even if that testimony is not rebutted by the Commonwealth. *Commonwealth v. Stromberg*, 440 Pa. 168, 269 A. 2d 741 (1970); *Commonwealth v. Grays*, 428 Pa. 109, 237 A. 2d 198 (1968); *Common-*

*wealth ex rel. West v. Rundle,* supra. Here, Judge DOTY refused to believe appellant's testimony and, considering that appellant knew (1) he did not have to plead guilty, (2) that he might avoid a more severe sentence by pleading guilty, and (3) that his counsel thought that he could not hope to be found not guilty, held appellant did not sustain his burden of proving his plea was entered without an understanding of the consequences. On the facts presented we find no error in this determination.

Nor does the fact that appellant's trial counsel testified that he did not warn appellant of all the consequences of his plea compel a contrary conclusion. This testimony merely supports one facet of appellant's testimony and, by itself, does not mean that the hearing judge was forced to believe the remainder of appellant's testimony.

Order affirmed.