Commonwealth *v.* Moroz, Appellant.

Argued November 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

494

*William G. Klenk, II,* for appellant.

*James T. Owens,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Chief Justice Bell, October 12, 1971:

On the evening of May 14, 1960, the Mayfair Bowling Alley was broken into and approximately $50 in small change was taken from the cash drawers of the coin-operated vending machine. The investigating police officers found a 70-year-old man named Frank Seibert lying in the bowling alley, badly beaten. At 3:30 A.M. the following day, Seibert was pronounced dead; his death resulted from a fractured skull and hemorrhaging.

The police investigation focused on Stanley Moroz, because they had received several reports of his making purchases and paying for everyday services with a quantity of small change in the general neighborhood of the Mayfair Bowling Alley. On May 17, 1960, he was arrested and signed a written confession the following day. On September 21, 1960, appellant Moroz, while represented by counsel, pleaded guilty to a murder indictment before a three-Judge Court. Appellant was found guilty of murder in the first degree and sen-

tenced to life imprisonment. No post-trial motions were filed.

On November 29, 1969, a petition for a new trial was filed under the Post Conviction Hearing Act and a hearing was held before the same three Judges who originally heard the case. They granted appellant leave to file an appeal as if timely filed because appellant was not adequately informed of his right to appeal, but dismissed the petition in all other respects. Upon appeal, we remanded the case to the lower Court with leave to file post-trial motions, and with a right to appeal if such motions were denied. Motions for a new trial and in arrest of judgment were filed in the Court below and denied, and these appeals followed.*

Appellant first contends that the Commonwealth has the burden of proof to establish that his guilty plea was voluntarily, knowingly and intelligently entered in 1960. In *Commonwealth v. Martin*, 442 Pa. 41, 272 A. 2d 169, the Court said (page 44) : "Appellant's second contention is that the Court erred in placing upon him the burden of proving that his plea was not voluntarily, knowingly, and intelligently made. In Commonwealth v. McBride, 440 Pa. 81, 269 A. 2d 737, and in Commonwealth v. Knowles, 440 Pa. 84, 269 A. 2d 739, we held that a defendant whose guilty plea was made before our decision in Commonwealth ex rel. West v. Rundle, supra [428 Pa. 102, 237 A. 2d 196], has the burden of proving this contention." See also *Commonwealth v. Enty*, 442 Pa. 39, 271 A. 2d 926; *Commonwealth v. Brown*, 443 Pa. 21, 275 A. 2d 332 (1971).

With the foregoing principles in mind, we shall examine the instant case to determine if appellant has

---

* Appellant also appealed from the denial of the relief requested in his P.C.H.A. petition, so we shall treat these as appeals from both the original judgment of sentence and the order denying the P.C.H.A. petition. Cf. *Commonwealth v. Martin*, 442 Pa. 41, 272 A. 2d 169.

met his burden of proof to have his guilty plea and the judgment of sentence vacated so that he might plead and be tried anew.

In *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481, citing *McMann v. Richardson*, 397 U.S. 759, and *Parker v. North Carolina*, 397 U.S. 790, we established three criteria which a defendant must meet before he can successfully attack a guilty plea on the basis of an alleged involuntary confession. We pertinently said (page 593) : ". . . that a defendant must demonstrate *all** of the following to successfully collaterally attack a plea of guilty on such grounds: (1) an involuntary pretrial confession (or presumably any other constitutionally infirm incriminating evidence) ; (2) that the guilty plea was primarily motivated by such evidence; and, (3) that defendant was incompetently advised by counsel to plead guilty, in the circumstances, rather than stand trial." See also *Commonwealth v. Brown*, 443 Pa., supra.

We need only examine the third criterion to find that appellant has not met his burden of proof. Appellant had privately retained a member of the Bar, who by appellant's own testimony met with him three times prior to trial, and also spoke several times with appellant's parents prior to trial. His counsel also contacted several potential defense witnesses, including appellant's private family doctor in order to have him testify that appellant's mother had visited him several times about appellant's excessive drinking and other family problems. We cannot hold, after a searching examination of the record, that it was gross error on the part of counsel, *Commonwealth v. Marsh*, 440 Pa., supra (page 593), to permit appellant to enter a plea to murder generally. On the contrary, the record shows that counsel actively attempted to prepare a defense

---

* Italics in *Commonwealth v. Marsh.*

and that his advice to plead guilty was undoubtedly reasonable under the circumstances. See also *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349; *Commonwealth v. Woody*, 440 Pa. 569, 271 A. 2d 477; *Commonwealth v. Skipper*, 440 Pa. 576, 271 A. 2d 476.

Appellant further contends that he pleaded guilty to first-degree murder instead of murder generally, and therefore the plea was invalid. Appellant points to the opening statement of the prosecutor as being the full and complete understanding of his guilty plea.* While we agree that this opening statement of the prosecutor is not a technically correct statement of the law, we deem it to be harmless error when viewed in the totality of the circumstances of this case. The bill of indictment clearly states that "the defendant Stanley Moroz with his Counsel present entered a plea of guilty of murder generally." Moreover, the lower Court sat and heard testimony from both the Commonwealth and the defense before making a specific finding of guilty of murder in the first degree. The lower Court then heard further testimony before fixing the penalty of life imprisonment.

Appellant's final contention is that the Commonwealth's evidence established that appellant was completely intoxicated at the time of the commission of the

* The prosecutor's opening statement was as follows: "The defendant Stanley Moroz requests permission to change his plea of not guilty previously entered to Bill of Indictment 112 of June Sessions 1960, charging him with murder generally, to one of guilty. He has been informed by counsel that that is in effect a plea of guilty to murder in every form and that the degree of murder will be determined by the Court, and whatever degree of murder is set will be the degree of murder of which he is guilty. He has been told that the adjudication of this Court is that he is guilty of murder in the first degree and that the Court as it now sits will decide whether or not he is to live in prison for the rest of his life or die."

felony-murder, and therefore he cannot be convicted of first-degree murder. This is not supported by the evidence.

The lower Court made a specific finding that *the death of Frank Seibert occurred as a result of the blows inflicted upon him by appellant during the perpetration of the burglary.** There is ample evidence, aside from the appellant's detailed and extensive confession, to establish a burglary—which in the law is a felony—in connection with the murder, in order to justify a finding of a felony-murder and thus sustain a first-degree murder conviction.

For all of the above reasons, we find no merit in any of appellant's contentions.

Judgment of Sentence and Order affirmed.

Mr. Justice Cohen took no part in the decision of this case.

---

* We note that, under the facts and circumstances of this case, the murder could have been committed during either a robbery, *Commonwealth v. Crow*, 303 Pa. 91, 98, 154 Atl. 283; *Commonwealth v. Dantine*, 261 Pa. 496, 104 Atl. 672, or a burglary, *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902; *Commonwealth v. Le Grand*, 336 Pa. 511, 9 A. 2d 896.