## Commonwealth v. Duffy, Appellant.

Submitted September 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stephen Robert LaCheen,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., December 13, 1971:

Appellant, Donald James Duffy, pleaded guilty on November 12, 1963, to charges of fraudulently uttering worthless checks, conspiracy, burglary, larceny and receiving stolen goods. He was sentenced to a cumulative term of 6 to 22 years. Upon reconsideration of sentence, the cumulative term was reduced to 3 to 12 years. In his petition under the Post Conviction Hearing Act,[1] appellant alleged that his plea of guilty was not knowledgeable and intelligent as to the particular charge of burglary, and that his court-appointed counsel was ineffective. After a hearing, the court below found the contentions without merit and denied the petition. This appeal followed.

Appellant testified at his post-conviction hearing that it was not until he was sentenced that he realized that the indictment to which he had pleaded contained a charge of burglary. Nevertheless, appellant failed to

---

[1] Act of 1966, January 25, P. L. (1965) 1580, 19 P.S. 1180.

protest or question the sentence: he failed to do so at the time of sentencing, or when he conferred with counsel privately after the sentencing, or when he appeared at a hearing for reconsideration of sentence three days later,[2] or when he conferred again with counsel the day of his resentencing. Although appellant does not challenge the validity of his plea on the worthless check charges, he contends that an alleged inconsistency in the indictment, which contained a charge of uttering certain checks on September 11 and 12, 1963, and another bill charging him with burglary and larceny of checks on September 20, indicates that he was not fully aware of the contents of the indictment.

Although there was no on-the-record colloquy at the time the plea was entered as to whether appellant's plea was knowing and intelligent, the burden was upon appellant to establish the invalidity of the plea since it predated the decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968). See *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970). In light of appellant's failure to raise any question about his plea at the most likely opportunities, and in light of his failure to bear out his contention of inconsistencies in the indictment,[3] we agree with the court below that he has not sustained his burden.

We further find no evidence that appellant's counsel was incompetent within the standards promulgated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). On the basis of inter-

---

[2] Appellant testified as follows at his hearing on Reconsideration of Sentence: "Q. (by Mr. Packel): Mr. Duffy, you have been accused, and you did at trial plead guilty to the crime of burglary, and passing bad checks. Is that correct? A. Yes, Sir." (N.T. 2)

[3] Appellant not only admitted having been employed at the place from which the checks were stolen, but also that he had burgled the same place previous to any of the occurrences contained in the indictment.

views and appellant's record, counsel had reasonable legal grounds for advising appellant to plead guilty.

The order of the court below is affirmed.