## Carter v. Cooper

*William A. Goichman,* for plaintiff.
*Albert L. Bricklin,* for defendants.

HIRSH, J., June 21, 1972.—This matter is before the court on the petition of plaintiff to amend the complaint. Plaintiff sues in trespass for injuries received from a cave-in of the floor of his leased premises. The accident occurred on January 27, 1967, the suit was started on December 26, 1968, and defendant was served on December 29, 1968. On January 23, 1969, defendant filed an answer averring that the premises in which the accident occurred was the property of

Morris Cooper and Fannie Cooper, his wife, and not of Fannie Cooper as alleged in the complaint. Nearly three years after he received notice of the actual title situation, plaintiff belatedly turns his attention to the rather important question of who owned the premises and on October 18, 1971, filed a petition to amend the complaint to include the husband as a party-defendant. The petition gives no explanation for the delay.

Plaintiff has been negligent in at least three respects: (1) In failing to ascertain the ownership of the property before instituting suit; (2) in not amending the complaint after the answer was filed and before the statute of limitations became effective; and (3) in waiting well over two years after he learned of the real ownership before moving to amend the complaint.

This petition is not to "correct the name of a party" permitted by Pa. Rule of Civil Procedure 1033 but to add a new party to the action, after the statute of limitations has run out. Permitting the procedural rules adopted to facilitate justice to be used as a device to impede justice is improper. The case of Paulish v. Bakaitis, 442 Pa. 43 (1971), citing numerous prior decisions, reaffirmed the clear and settled rule that the caption of a case may be amended as to defendant after the statute of limitation has run where the right party was sued but under a wrong designation, but no amendment is permitted to substitute another and distinct party. The latter situation is the one in this case and the amendment of the caption cannot be allowed.

Accordingly, it is, therefore, ordered and decreed that plaintiff's petition to file an amended complaint be and is dismissed.