Commonwealth *v.* Nolden, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John H. Chronister,* Public Defender, for appellant.

*Alan M. Cashman,* Assistant District Attorney, *Morrison B. Williams,* First Assistant District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 3, 1974:

Appellant appeals from the denial of relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 to 14 (Supp. 1973). On February 3, 1964, appellant pled guilty to a charge of burglary, larceny and receiving stolen goods, and also to a charge of armed robbery. He was sentenced to a term of three and one-half to seven years in a state penitentiary. Appellant contends that the guilty pleas were unlawfully induced by the promise of the deputy warden at the county jail that appellant would be given county time in return for the guilty plea. The deputy warden is now deceased.

The record of the case does not indicate an appropriate pre-plea colloquy that would meet the requirements of *Boykin v. Alabama,* 395 U.S. 238 (1969). *Boykin* requires an on-the-record inquiry to show the voluntariness of the plea and awareness of its consequences. However, *Boykin* is to be applied prospectively only. *Commonwealth v. Godfrey,* 434 Pa. 532, 254 A. 2d 923 (1969). The appellant entered the guilty pleas in 1964 and thus has the burden of proving that his guilty pleas were involuntarily given. *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968) (applies to pleas entered before 1968). See *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970); *Commonwealth v. Knowles,* 440 Pa. 84, 269 A. 2d 739 (1970).

Having carefully reviewed the record, it is clear that the appellant has completely failed to sustain the burden of proof that his guilty pleas were not voluntarily made. Appellant's own testimony, as the lower court has found, is far from clear as to the details of the alleged plea bargain with the now de-

ceased deputy warden. Further it seems unlikely appellant would fail to complain for a period of seven years if such a breach had indeed occurred. Not only did appellant fail to raise this at the time of his sentencing, but by his own testimony he failed to raise it on several occasions after sentence when he had further contact with the deputy warden.

In addition, it was reasonable for the lower court to conclude that the plea of guilty as to the burglary was entered by reason of the overwhelming evidence of guilt available to the Commonwealth, especially so in view of appellant's testimony that he was apprehended while attempting to escape from the scene of the burglary and that "I was caught with the jewelry, so I imagine I was guilty."

A second question, raised in the lower court but not mentioned in appellant's brief, is whether there was a voluntary, free and knowing waiver of his right to counsel. We are satisfied from appellant's own testimony that there was such a waiver.

The order of the court below is affirmed.