## Commonwealth v. Turner, Appellant.

Submitted April 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Nicholas A. Clemente* and *Louis G. F. Retacco,* for appellant.

*David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 22, 1974:

The single issue raised in this direct appeal from Turhan Turner's conviction of voluntary manslaughter[1] is whether his negotiated plea of guilty was knowingly and understandingly entered. Appellant contends it was not because he lacked sufficient mental capacity competently and intelligently to plead to the charge. We disagree.

Review of the record demonstrates that at the time appellant tendered his plea, he had the "ability to comprehend his position as one accused of [manslaughter] and to cooperate with his counsel in making a rational defense" and that he had "sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and [had] a rational as well as factual understanding of the proceedings against him." *Commonwealth ex rel. Hilberry v. Maroney,* 424 Pa. 493, 495, 227 A.2d 159, 160 (1967). Accord, *Commonwealth v. Brown,* 443 Pa. 21, 27-28, 275 A.2d 332, 335 (1971); *Commonwealth v. Harris,* 431 Pa. 114, 116-17, 243 A.2d 408, 409 (1968); see *Commonwealth v. Moore,* 440 Pa. 86, 90-91, 270 A.2d 200, 202-03 (1970); *Commonwealth ex rel. Hilberry v. Maroney,* 417 Pa. 534, 544, 207 A.2d 794, 799

---

[1] This Court's jurisdiction is found in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1973).

(1965); *Commonwealth v. Moon*, 383 Pa. 18, 117 A.2d 96 (1955). We therefore affirm.

Before accepting appellant's plea, Judge CHALFIN, as is required, conducted an extensive on-the-record colloquy to determine whether the plea was voluntarily and understandingly tendered. Pa. R. Crim. P. 319; *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973); see ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §§ 1.4-.6 (Approved Draft, 1968); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §§ 4.1-.2 (Approved Draft, 1972). The trial judge questioned appellant as to his age, education, military service, employment record, and medical history. Turner gave responsive, complete, and correct answers. The court also questioned appellant thoroughly about his knowledge of the nature and consequences of his plea, the factual basis for the plea, the voluntariness of the plea, his knowledge of the possible sentence, his understanding of and participation in the plea negotiations, and his knowledge of his appellate rights. Appellant was at all times alert and his answers were responsive and articulate.[2]

Appellant also testified that in 1966, more than six years before the entry in December, 1972 of his plea of guilty, he had been hospitalized for three months for "depression." It is now asserted that this 1966 hospitalization conclusively proves that appellant in 1972 lacked the mental capacity to enter a voluntary plea. However, the record shows that after 1966, appellant honorably served in the military, was gainfully employed, and was continuing his education at the time

---

[2] Commendably, in an abundance of judicial caution, Judge CHALFIN also asked appellant's mother and girlfriend whether appellant's answers seemed natural and intelligently made. Both answered in the affirmative.

of his arrest. When viewed in the context of the entire record the isolated fact of his 1966 hospitalization does not establish that in 1972 appellant was mentally incompetent to plead or that his plea was involuntary. Compare *Commonwealth v. Harris,* supra, with *Commonwealth v. Brown,* supra, and *Commonwealth ex rel. Hilberry v. Maroney,* 424 Pa. 493, 227 A.2d 159 (1967).

Judgment of sentence affirmed.

Mr. Justice POMEROY concurs in the result.