J-S59021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE WILSON | |
| Appellant | No. 3210 EDA 2013 |

Appeal from the Judgment of Sentence September 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010792-2008 MC-51-CR-0015454-2008

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 10, 2014**

Antoine Wilson appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following the entry of an open guilty plea to possession of a firearm (prohibited) (CP-15-CR-0006700-2012).[1]  The trial court sentenced Wilson to 4-8 years' incarceration, to be followed by two years of reporting probation.  Wilson's firearm conviction

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 6105.  In addition to the firearm offense, Wilson was also charged with possession of an instrument of crime (PIC).  After entering into a non-negotiated guilty plea to the offense in March 2013, the Commonwealth and court permitted Wilson to withdraw his guilty plea and enter into a new plea in September 2013 to possession of a firearm only, the current case on appeal.  The PIC charge was *nolle prossed*.  N.T. Guilty Plea, 9/27/13, at 12-13, 21.

violated his probation on a prior sentence for possession with the intent to deliver a controlled substance.[2] As a result of the probation violation, the court resentenced Wilson to 6-23 months' incarceration, followed by three years of probation (CP-51-CR-0010792-2008). The cases were consolidated and the court ordered that the drug sentence run concurrently to the firearm sentence. After careful review, we affirm.

On appeal, Wilson contends that the verdict is against the weight of the evidence and that the evidence is insufficient to sustain his convictions. Both arguments are meritless.[3] Not only did Wilson indicate in his oral colloquy that he had been fully apprised by his attorney of the elements of the offense to which he pled guilty, N.T. Guilty Plea, 9/27/13, at 30, but in his written colloquy Wilson admits he committed the offense and that his attorney told him what the elements of the crime are for purposes of proving a conviction. Written Guilty Plea, 3/11/13, at 1. Moreover, because no fact-finder is involved in a guilty plea, Wilson's weight of the evidence claim is misplaced. ***See Commonwealth v. Allen***, 277 A.2d 818 (Pa. 1971) (it is

---

[2] On December 8, 2008, Wilson entered a guilty plea to possession with intent to deliver a controlled substance. He was placed on house arrest with electric monitoring and ordered to serve three years' supervised probation.

[3] Specifically, Wilson claims that the Commonwealth failed to prove that he possessed a weapon at any time during the underlying incident. To the extent that Wilson argues that the evidence was insufficient to sustain his conviction for PIC, we remind him that that charge was *nolle prossed*.

well established that entry of guilty plea limits rights afforded to defendant on appeal); *see also **Commonwealth v. Culbreath***, 264 A.2d 643, 645 (Pa. 1970) ("a plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects and defenses.").

We rely upon the opinion authored by the Honorable Glynnis D. Hill, to affirm Wilson's judgment of sentence. We instruct the parties to attach a copy of that decision in the event of further proceedings in the matter.

Affirmed.[4]

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/10/2014</u>

---

[4] To the extent that Wilson argues in his brief that his sentence constitutes cruel and unusual punishment and that the case should be remanded for resentencing, we find it waived for failure to include it in his Pa.R.A.P. 1925(b) statement.