## Commonwealth *v.* Hart, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Joseph Litt,* for appellant.

*Romer Holleran* and *James T. Owens,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

On November 27, 1963, appellant pleaded guilty to murder generally. Following a degree of guilt hearing, he was found guilty of murder in the second degree, and was sentenced to a term of six to twelve years in prison. No appeal was taken. On April 10, 1969, appellant filed a petition pursuant to the Post Conviction Hearing Act, alleging that he was unconstitutionally denied his right to appeal, and that his guilty plea was not knowingly and intelligently entered. After the Commonwealth's motion that he summarily be given the right to file post-trial motions was granted, an evidentiary hearing, with counsel, was held, and the motions were denied. This appeal followed and we affirm.

The sole issue raised by appellant is whether his plea was knowingly and intelligently entered. The evidence produced at the PCHA hearing indicated that trial counsel advised appellant to plead guilty, and that counsel felt appellant would most likely receive a sentence "consistent with the maximum sentence for voluntary manslaughter"—i.e., six to twelve years. While appellant testified that he believed he was pleading guilty to voluntary manslaughter, we agree with the hearing court that on this record this mistake does not necessarily mean that appellant did not enter a knowing and intelligent plea.

The hearing court found as a fact that appellant's plea was knowingly and intelligently entered. Despite the fact that this is a silent record case, the burden in this collateral proceeding still remains with appellant. See *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970); *Commonwealth v. Cushnie*, 433 Pa. 131, 135-36, 249 A. 2d 290, 293 (1969). There being no abuse of discretion shown, the hearing court's factual finding will therefore be accepted.

The judgment of sentence of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.