Commonwealth *v.* Fuller, Appellant.

Submitted May 4, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Oscar Spivack,* for appellant.

*J. Bruce McKissock,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

On May 11, 1964, appellant entered a plea of guilty to murder generally. A degree of guilt hearing was held, the Commonwealth certified that the case would rise no higher than second degree murder, and the court found him guilty of that offense. Appellant was then sentenced to a term of ten to twenty years. No appeal was taken. In 1969 appellant filed the present Post Conviction Hearing Act petition, alleging, inter alia, that his guilty plea was not knowingly and intelligently entered, and that he was denied his right to the effective assistance of counsel. An evidentiary hearing was held, with counsel, and relief denied. This appeal followed, and we affirm.

Appellant asserts as error the hearing court's determination that his plea was knowingly and intelligently entered, and that he was not denied the effective assistance of counsel. As for the guilty plea, it appears that counsel, after extensive negotiations with the Commonwealth, worked out a bargain for a guilty plea, in return for a certification that the case rose no higher than second degree murder. See *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966);

see generally American Bar Association, Standards Relating to Pleas of Guilty, Approved Draft, 1968. Counsel testified that they told appellant that if he went to trial, there was a possibility of a conviction for first degree murder, and a consequent sentence of life imprisonment or death, but that if he pleaded guilty, he would only be convicted of second degree murder. Counsel also testified that they met with appellant on several occasions to discuss the case and trial tactics, and had explained to him the elements of murder.

Although this is a silent record case, the burden of proof in this collateral proceeding rests with appellant. See *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970); *Commonwealth v. Cushnie*, 433 Pa. 131, 135, 249 A. 2d 290, 293 (1969). That being the case, and finding no abuse of discretion, the hearing court's factual finding as to the voluntariness of appellant's plea will not be disturbed.

As for the ineffective assistance of counsel claim, appellant is evidently contending that trial counsel failed to adequately prepare for the possibility of a trial, and that their fears of a verdict of first degree murder were unrealistic, in view of the evidence of appellant's intoxication. On an independent review of the record, however, we are unable to find that counsel's stewardship was ineffective. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967). First, it appears that counsel did prepare for appellant's trial. Further, we cannot say, in light of the available alternatives, that counsels' choice of plea bargain for a certification of second degree murder had no "reasonable basis." See *Washington*, 427 Pa. at 605, 235 A. 2d at 353. Counsel assured appellant that he would not face the possibility of either a life sentence, or the death penalty, and looking at their decision now, we cannot say that this

was not reasonably designed to effectuate appellant's interests. Cf. *Commonwealth v. Evans*, 434 Pa. 52, 252 A. 2d 689 (1969). Accordingly, we find that appellant was not denied the effective assistance of counsel.

The order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.