## Commonwealth *v.* Allen, Appellant.

Submitted November 9, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Leon Katz, Michael J. Stack, Jr.,* and *Donsky, Katz, Levin & Bashman,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 18, 1971:

Appellant James Allen, while represented by counsel, pleaded guilty to murder, and in *1957* was sentenced to life imprisonment. This is a so-called silent record case, for there was no indication on the record that appellant's guilty plea was voluntarily, knowingly and intelligently entered. Although no direct appeal was taken, the instant petition represents the fourth in a series of appellant's post-conviction attacks on his conviction and sentence.

In *Commonwealth ex rel. Allen v. Rundle,* 410 Pa. 599, 189 A. 2d 261, we remanded appellant's petition for a writ of habeas corpus for the reason that the

104

hearing Judge had been the District Attorney at appellant's trial. In *United States ex rel. Allen v. Rundle,* 233 F. Supp. 633 (E.D. Pa. 1964), appellant was denied relief both on the merits of his claims and because he had not exhausted all available State remedies. A petition for a certificate of probable cause was denied by the Court of Appeals for the Third Circuit on September 28, 1964, C. A. Misc. Record No. 34, as was a petition for a writ of certiorari, 382 U.S. 857. In *Commonwealth v. Allen,* 428 Pa. 113, 237 A. 2d 201, we affirmed the dismissal of appellant's P.C.H.A. petition because he failed to show that his guilty plea was involuntarily entered.

Appellant's only contention on this appeal is that he is entitled to another evidentiary hearing to determine whether or not his guilty plea was voluntarily, knowingly and intelligently entered, *with the burden of proof resting upon the Commonwealth.* However, we have held that in a silent record case the burden rests upon the Commonwealth only as to guilty pleas entered after the date of our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196. As we stated in *Commonwealth v. Martin,* 442 Pa. 41, 44, 272 A. 2d 169, 171: "Appellant's second contention is that the Court erred in placing upon him the burden of proving that his plea was not voluntarily, knowingly, and intelligently made. In Commonwealth v. McBride, 440 Pa. 81, 269 A. 2d 737, and in Commonwealth v. Knowles, 440 Pa. 84, 269 A. 2d 739, we held that a defendant whose guilty plea was made before our decision in Commonwealth ex rel. West v. Rundle, 428 Pa., supra, has the burden of proving this contention." Accord, *Commonwealth v. Berry,* 440 Pa. 154, 269 A. 2d 921; *Commonwealth v. Fuller,* 440 Pa. 161, 269 A. 2d 652; *Commonwealth v. Hart,* 440 Pa. 175, 269 A. 2d 740. Furthermore, as Justice ROBERTS stated in deny-

ing appellant's second P.C.H.A. petition, *Commonwealth v. Allen*, 428 Pa., supra (page 117) : "Although, regrettably, the trial record contains no examination of appellant as to the consequences of his decision to plead guilty, the post-conviction hearing judge chose to believe trial counsel and appellant has therefore failed to meet his burden of demonstrating that his plea was involuntary."

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.