345 A.2d 179
**COMMONWEALTH of Pennsylvania**
**v.**
**John WADDY, Appellant.**

Supreme Court of Pennsylvania.

Argued June 23, 1975.

Decided Oct. 3, 1975.

Gilbert B. Abramson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant pleaded guilty to murder generally, was adjudged guilty of murder in the first degree and was sentenced to life imprisonment. This Court affirmed that judgment of sentence in *Commonwealth v. Waddy*, 447 Pa. 262, 290 A.2d 238 (1972).

Subsequently he filed a PCHA petition in which he alleged that his guilty plea was not knowingly and intelligently entered; that his plea was coerced by the threats of counsel to abandon him and that his trial counsel was ineffective. That PCHA petition was denied on January 4, 1974, and no appeal was taken. On June 3, 1974, a

second PCHA petition was filed reiterating the allegations of error contained in the earlier one. In this second petition, appellant also claimed that his counsel at the first PCHA hearing failed to advise him of his right to appeal.. The Court allowed appellant to file a nunc pro tunc appeal from the January 4, 1974, order denying relief but otherwise denied his second PCHA petition. Appellant then filed this appeal from the denial of his original PCHA petition and asserts as error here the grounds for reversal contained in that first petition.

Appellant's first contention, that his guilty plea was not knowingly entered, was available for consideration on direct appeal, but was not raised. Consequently it must be denied as waived unless "extraordinary circumstances" excuse its earlier omission. PCHA, Act of January 25, 1966, P.L. (1965) 1580, § 4(b)(1) and (2), 19 P.S. § 1180–4(b)(1) and (2). Although ineffective assistance of counsel would constitute such extraordinary circumstances, *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973), we have concluded in our discussion below that counsel's representation was adequate. Thus appellant's first argument has been waived and is beyond our consideration.*

Appellant next maintains that his plea was coerced by counsel who allegedly threatened to abandon him if he refused to plead guilty. If coercion were established, reversal would, of course, be demanded, *Commonwealth v. Velasquez,* 437 Pa. 262, 263 A.2d 351 (1970). However, the appellant has offered no evidence other

*It is clear from the PCHA notes of testimony that appellant believes his plea to be unknowing because a life sentence was imposed after the murder was determined to be in the first degree. However, the colloquy conducted before the plea was accepted fully advised the appellant that the degree of guilt was a matter for the court to determine; that a life sentence was possible and that he could expect no lessening for entering the guilty plea. Disappointed expectations are not grounds for the invalidation of guilty pleas. *Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973).

**430**

than his own testimony to support his position, and the guilty plea colloquy rebuts his allegation. The hearing judge resolved this issue of credibility against appellant and we cannot disturb it. *Commonwealth v. Rowe*, 459 Pa. 163, 327 A.2d 358 (1974); *Commonwealth v. Hauser*, 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Hart*, 440 Pa. 175, 269 A.2d 740 (1970).

■ Finally, appellant contends that trial counsel was ineffective when he recommended that a guilty plea be entered. Counsel contested vigorously the admissibility of appellant's confession. Once the suppression court determined that the confession was admissible, counsel could have concluded that a guilty plea was a reasonable course of action and was thus justified in recommending such a plea to his client. *Commonwealth v. Dennis*, 451 Pa. 340, 344, 304 A.2d 111, 114 (1973).

Order affirmed.

NIX, J., did not participate in the consideration or decision of this case.

ROBERTS, POMEROY and MANDERINO, JJ., concurred in the result.