406 A.2d 779

COMMONWEALTH of Pennsylvania

v.

Samuel Rayfield CAMPBELL, Appellant.

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 20, 1979.

232

Thomas A. Bowlen, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before VAN der VOORT, LARSEN and LAVELLE, JJ.*

LAVELLE, Judge:

On February 10, 1969 appellant was indicted for felonious homicide. On April 7, 1969, the day upon which he was scheduled for arraignment, appellant entered a plea of guilty. Following a hearing to ascertain degree of guilt, the Court found him guilty of murder in the second degree under the Penal Code and sentenced him to a term of imprisonment of not less than ten, nor more than twenty years. No direct appeal was filed. On November 17, 1975 a petition was filed under the Post Conviction Hearing Act, alleging, among other things, that his plea was not voluntarily nor understandingly made. Hearing upon the petition was held December 22, 1977 and on May 8, 1978 the lower court denied relief, stating that it was of the opinion that the defendant was fully aware of the nature of the charges

*Justice Rolf Larsen of the Supreme Court of Pennsylvania and Judge John E. Lavelle of the Court of Common Pleas of Schuylkill County, Pennsylvania, are sitting by designation.

pending against him "and the consequences of the same" and the plea was voluntarily and intelligently entered. This appeal followed.

*Pa.R.Crim.P.* No. 319 was in effect when appellant's plea was entered, requiring that the judge not accept a plea of guilty "unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered." The Rule also requires that such inquiry appear on the record.

The record of the proceedings of April 7, 1969 is devoid of any inquiry of the appellant by the judge as to whether appellant understood the nature of the charges to which he was pleading guilty or of the elements which make up such offenses. No inquiry was made of him as to whether he understood that he had a right to a trial by jury, whether he was aware of the possible range of sentence, whether he was aware of the operation of the presumption of innocence in his favor, or whether there was a factual basis for his plea.

Since no colloquy is to be found in the record, the burden is on the Commonwealth to prove the voluntariness and understanding necessary to validate the plea of guilty. *Commonwealth v. Allen*, 442 Pa. 102, 275 A.2d 105 (1971). The prosecutor attempted to shoulder this burden at the post conviction hearing petition hearing by calling one of the defense counsel who appeared with appellant on April 7, 1969. This attorney testified only that he and his co-counsel spoke with the appellant several times prior to arraignment, that: "We explained to him that he was charged with murder and the possible penalties . . . "; "I feel that he understood generally what he was charged with . . "; " . . . we all understood that his mental capacity was not as high as some people . . . "; "I am sure Mr. Hudson and I discussed this with him and we agreed that he would plead guilty." Counsel felt appellant was capable of understanding the proceedings, that he was entering a plea of guilty and the consequences of his act. It is noteworthy here that the record fails to disclose, (1) how the offense of

murder was described to appellant, (2) what elements of the offense of murder and the degrees of murder the Commonwealth would have to prove beyond a reasonable doubt to a jury before it could find him guilty, (3) the possible penalties as related to appellant, (4) or that he had a right to be tried by a jury and what rights are included in that right.

There was no pretense of compliance with *Pa.R.Crim.P.* No. 319.

It is noteworthy that at the post-conviction hearing petition hearing, it was testified by a qualified psychiatrist that in 1969 appellant was described as illiterate, uncultured, mildly defective and emotionally unstable with an I.Q. of 62. The witness said that in early 1969 appellant was unable to understand or visualize the consequences of a plea of guilty, and that he would not be able to understand words such as homicide, premeditation, impassioned, or self-defense. It should also be pointed out that the judge, presiding at the December 22, 1977 hearing upon appellant's post conviction hearing petition, remarked:

> " . . . *There is no question in my mind that if this defendant was advised he committed a felonious homicide that he would (not) have the faintest notion of what was being described to him. There is nothing in the beginning of the record to indicate any charge by the court or explanation by the court to the defendant as to what constituted the elements of murder. Do you know whether or not that was ever done?*
> *MR. BOWLEN: I have no record of it, Your Honor."*

Neither the record made when the plea was entered on April 7, 1969, nor that developed at the post conviction hearing petition hearing on December 22, 1977 demonstrate that the requirements of Rule 319(a) were met. An adequate colloquy under the Rule must include a demonstration that the defendant understands the nature of the charges and to demonstrate such understanding the defendant must be told more than just that he has been charged with murder—the record must disclose that the elements of the crimes charged were outlined to him in understandable

terms. *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). No effort was made by the Court, nor by counsel to explain the elements of the offense of murder or its degrees. Failure to demonstrate compliance with the minimal requirements of Rule 319(a) will result in reversal. *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976).

Judgment of sentence is reversed and remanded for new trial.