441 A.2d 1224

COMMONWEALTH of Pennsylvania

v.

John W. WADDY, Appellant.

Supreme Court of Pennsylvania.

March 10, 1982.

450

Adam Renfroe, Jr., Philadelphia, (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Gail Thackeray, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from the denial of appellant's *third* PCHA petition. The issues raised in this appeal, (1) that appellant's guilty plea was not knowingly and intelligently entered, and (2) that trial counsel was ineffective for recommending that appellant plead guilty, were raised in the second PCHA petition and have been, on appeal from the denial of the second petition, finally litigated by this Court. *Commonwealth v. Waddy*, 463 Pa. 426, 345 A.2d 179 (1975). An issue raised pursuant to a PCHA petition is finally litigated when the Supreme Court of Pennsylvania has ruled on the merits of the issue. 19 P.S. § 1180–4(a)(3). An issue that has been finally litigated may not be raised again in a subsequent petition. 19 P.S. § 1180–3(d). Since we have ruled on the merits of the same issues that appellant instantly raises yet again, i.e., since these issues have been finally litigated, the Order of the Court of Common Pleas of Philadelphia denying this petition is affirmed.*

Affirmed.

NIX, J., did not participate in the consideration or decision of this case.

---

* Appellant is represented by counsel on this appeal other than counsel who represented appellant at trial, on direct appeal, and at previous post-conviction stages.

Pa.R.Crim.P. 1504 provides:

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the

petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

Appellant's claims have been finally litigated in previous PCHA proceedings where appellant was represented by counsel, appointment of counsel was not required and the petition could have been summarily dismissed. *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980). Since in this case, there is no *right* to representation by appointed counsel, this case does not fall within the ambit of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).