J-S33018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN A. MARTOCCI | : | |
| | : | |
| Appellant | : | No. 221 EDA 2025 |

Appeal from the PCRA Order Entered December 24, 2024
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000389-2020

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:               **FILED NOVEMBER 18, 2025**

Appellant John A. Martocci appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition.  On appeal, Appellant argues that his trial counsel was ineffective.  Following our review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

On April 8, 2020, the Pennsylvania State Police filed a criminal complaint against Appellant charging him with one count of criminal homicide in connection with the April 6, 2020 shooting death of Kenneth Knibiehly [(the victim)] which, pursuant to 18 Pa.C.S. Section 2501(a), is graded as a felony of the first degree. Following a preliminary hearing on June 10 , 2020, at which Appellant was represented by Mark L. Minotti, Esquire, and Robert Eyer, Esquire, the aforesaid charge was bound over to [the trial court].  On or about June 16, 2020, the Carbon County District Attorney's Office filed the criminal information in this matter charging Appellant with one count of criminal homicide.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

On or about February 1, 2022 , Appellant executed a stipulation for the entry of a "[g]uilty plea to count 1 graded as 3rd degree murder." The guilty plea stipulation executed by Appellant, his counsel[,] and Carbon County District Attorney Michael S. Greek, Esquire, contained no recommendation regarding the sentence to be imposed by [the trial court]. Pursuant to the stipulation, Appellant entered a plea of guilty on March 21, 2022. Sentencing was deferred pending preparation, receipt and review of a pre-sentence investigation report (hereinafter "the PSI [report]").

On July 22 , 2022, following review of the PSI [report], Appellant appeared with Attorneys Minotti and Eyer for a sentencing hearing. On that same date, [the trial court] imposed a sentence of incarceration in a state correctional institution of not less than twelve (12) years nor more than twenty-four (24) years. Appellant filed neither a post-sentence motion . . . nor an appeal to the Pennsylvania Superior Court.

On May 10, 2023, Appellant filed a *pro se* motion for post-conviction collateral relief. Via order dated May 12, 2023, we appointed Michael P. Gough, Esquire to represent Appellant as PCRA counsel. On September 29, 2023, Attorney Gough filed [an amended PCRA petition] on behalf of Appellant in which claims of ineffective assistance of counsel were raised against Attorneys Minotti and Eyer. The Commonwealth filed an answer thereto on October 13, 2023. A PCRA hearing, at which Appellant and Attorney [Minotti] testified, was held before [the PCRA court] on March 1[9], 2024. Following submission of the post-hearing briefs of counsel, [the PCRA court] entered an order denying Appellant's [amended PCRA petition] on December 24, 2024.

PCRA Ct. Op., 3/14/25 at 1-3 (some formatting altered).

Appellant filed a timely appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Did the [PCRA] court err in failing to find that former counsel rendered ineffective assistance by inducing [Appellant] to plea[d] to murder in the third degree premised on a minimum sentence of ten (10) years and then failing to properly afford

[Appellant] the opportunity to withdraw such plea when the trial court rejected such minimum sentence?

2. Did the [PCRA] court err in failing to conclude that former counsel rendered ineffective assistance by failing to undertake a proper and complete investigation of certain aspects of the case centered on an assertion of self-defense at trial which failure ultimately led to [Appellant] determining to plead guilty?

Appellant's Brief at 4 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (citations and quotation marks omitted). A PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (citations omitted). We note that:

[c]ounsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim. To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability

- 3 -

that the result of the proceeding would have been different but for the complained-of conduct.

***Commonwealth v. Thomas***, 323 A.3d 611, 620-21 (Pa. 2024) (citations omitted).

Appellant first argues that trial counsel was ineffective for inducing Appellant to plead guilty to third-degree murder based on the representation that he would receive a ten-year minimum sentence and failed to provide Appellant an opportunity to withdraw the guilty plea when the trial court imposed a sentence of twelve to twenty-four years of incarceration. ***See*** Appellant's Brief at 14-21.[2]

We note that

[i]neffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice"

---

[2] We note that the argument section of the Commonwealth's brief is almost entirely a quotation from the PCRA court's opinion. ***Compare*** Commonwealth's Brief at 3-11 ***with*** PCRA Ct. Op., 3/14/25 at 4-15.

standard applicable to all post-sentence motions to withdraw a guilty plea.

**Commonwealth v. Kelley**, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted and some formatting altered). However, "[a] defendant's disappointment in the sentence imposed does not constitute manifest injustice." **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted and some formatting altered). Further,

> [t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

**Id.** at 523 (citations omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." **Id.** (citations omitted).

The PCRA court addressed Appellant's first issue as follows:

> In the instant matter, Appellant claims that former counsel was ineffective because [Appellant] was "induced" by counsel into entering a guilty plea with the understanding that the court would impose a minimum sentence of ten (10) years and that counsel then failed to properly afford Appellant the option to withdraw such plea when the court imposed a minimum sentence of twelve (12) years. This assumes that a consensus or agreement was reached between defense counsel, the prosecution[,] and the [trial court] that Appellant would be sentenced to a minimum term not exceeding ten (10) years. Such an assertion is contrary to the Guilty Plea Stipulation executed by Appellant, the written Guilty Plea Colloquy form executed by Appellant, Appellant's oral testimony at the guilty plea hearing[,] and the testimony of former counsel at the PCRA hearing.

. . . Here, Appellant entered a guilty plea pursuant to a written stipulation resulting in a conviction and, after accepting Appellant's guilty plea, [the trial court] directed the Carbon County Adult Probation Department to prepare a [PSI report]. Prior to sentencing, Appellant and his counsel were provided with a copy of the [PSI report] which contained a recommendation to [the trial court] for the imposition of a standard range sentence of not less than twelve (12) years nor more than twenty-four (24) years.  In accordance with the PSI [report], Appellant was sentenced to a period of incarceration in a state correctional institution of not less than twelve (12) years nor more than twenty-four (24) years.

The Guilty Plea Stipulation executed by Appellant contains **no** recommendation regarding [Appellant's] sentence.  Furthermore, had there been such a provision, Appellant signed a Guilty Plea Colloquy form which provides in paragraph 27 that the [trial court] is not a party to any agreement or recommendation made by the parties and that any recommendation and/or stipulation regarding the sentence is not binding on the [trial court] and that [Appellant] knowingly waives the right to withdraw his plea if the [trial court] does not concur in the recommended sentence.  [Appellant] explicitly acknowledges paragraph 27 by writing in the affirmative. Furthermore, Appellant affirmed in paragraph 38 of the colloquy form, that no promises had been made to enter a plea of guilty other than the plea agreement that had been negotiated for him by his attorneys, and affirmed in paragraphs 43 and 44 that he was satisfied with the representation of his attorneys and that he had ample time to consult with them before entering the plea. The [trial court] explained the standard range of sentence as well as the minimum and maximum sentences set forth in the sentencing guidelines.  Appellant affirmed that he understood the range of sentence provided in the guidelines and he affirmed that he had not been promised anything in return for his plea.  He cannot credibly contend that his plea was unknowing or involuntary.

Attorney Minotti testified at the PCRA hearing that, prior to sentencing, both he and Attorney Eyer reviewed the PSI [report] with Appellant including the recommended sentence of not less than twelve (12) years nor more than twenty-four (24) years. Former counsel also explained to Appellant that [Appellant] had the right to withdraw his guilty plea and "take it to trial", and that counsel were ready, willing and able to go to trial.  Ultimately,

Appellant made the decision to proceed with the guilty plea and accept the sentence of [the trial court].

. . . Appellant contends that he would not have entered a plea of guilty if he had known the [trial court] would impose a twelve (12) year minimum sentence. Where, as here, the Guilty Plea Stipulation is silent as to any agreed upon or recommended sentence, the [trial court] advised Appellant of the permissible range of sentence prior to the entry of his guilty plea and a [PSI report], recommending the sentence which was ultimately imposed, was provided to Appellant's counsel who reviewed it with him prior to sentencing and advised him of his right to withdraw the plea, there is no basis for PCRA relief.

The Supreme Court of Pennsylvania has previously ruled on disappointed expectations arising from a guilty plea stipulation. In **Waddy**, the defendant claimed that his life-sentence was not what he had expected to receive when he entered a guilty plea. **Commonwealth v. Waddy**, 345 A.2d 179 (Pa. 1975). Our Supreme Court found that the defendant's counsel was effective and **that disappointed expectations are not grounds for the invalidation of guilty pleas**. **Id.** at 181 (emphasis added)[;] **Commonwealth v. Sanutti**, 312 A.2d 42 (Pa. 1973) [(explaining that disappointed expectations alone do not negate guilty pleas); **see also Pollard**, 832 A.2d at 522]. Moreover, where the defendant is informed of the maximum sentence that could be imposed, a plea is not unknowing when entered with the hope that the court would impose a more lenient sentence. **Commonwealth v. Patterson**, 690 A.2d 250 (Pa. Super. 1997). Here, Appellant demonstrated his understanding during the guilty plea colloquy that there was no agreement as to sentencing, that the standard range of the sentencing guidelines provided for a minimum sentence of anywhere between seven and a half (7½) years to twenty (20) years and that his maximum total sentencing exposure was forty (40) years. Because this [c]ourt imposed a sentence of twelve (12) to twenty-four (24) years, we cannot find that Appellant's plea was unknowing or involuntary and his claims to the contrary are meritless.

PCRA Ct. Op., 3/14/25 at 8-12 (emphases in original).

Further, in the PCRA court's order denying Appellant's petition, the PCRA court stated:

former counsel credibly testified that he thoroughly reviewed with [Appellant] his appellate rights after sentencing. Furthermore, the post-sentencing/appellate rights form executed by [Appellant] and made part of the record at the conclusion of the sentencing hearing inc[l]udes provisions pursuant to which [Appellant] acknowledged that he understood his rights to file a post-sentence motion and/or a direct appeal. Moreover, [Appellant] testified at the PCRA hearing that he never made a request of former counsel to file any challenge to his sentence and that he never asked either of them to file a direct appeal to a higher court.

PCRA Ct. Order, 12/24/24, at 4 n.1.

After review, we find that the PCRA court's conclusions are supported by the record and free from legal error. **See Staton**, 184 A.3d at 954. As noted above, the PCRA court's credibility determinations are binding on this Court. **See id.** Because the PCRA court found Appellant's trial counsel credible and concluded that Appellant "cannot credibly contend that his plea was unknowing or involuntary,"[3] Appellant has failed to demonstrate that trial counsel's advice led him to enter an unknowing or involuntary guilty plea. **See Kelley**, 136 A.3d at 1013; **see also Pollard**, 832 A.2d at 523. Appellant is bound by the statements that he made during his plea colloquy, and Appellant cannot now claim that his decision to plead guilty was based on trial counsel's assurances that Appellant would receive a minimum sentence of ten years. **See Pollard**, 832 A.2d at 523. Accordingly, we agree with the PCRA court that Appellant's guilty plea was knowing, voluntary, and intelligent. **See Kelley**, 136 A.3d at 1013; **Pollard**, 832 A.2d at 522. Therefore, Appellant's

_____

[3] PCRA Ct. Op., 3/14/25 at 10; **see also** PCRA Ct. Order, 12/24/24, at 4 n.1.

- 8 -

claim that trial counsel was ineffective with respect to Appellant's guilty plea is meritless and no relief is due. **See Thomas**, 323 A.3d at 620-21; **Kelley**, 136 A.3d at 1013; **Pollard**, 832 A.2d at 523.

In his second issue, Appellant argues that former counsel was ineffective for failing to investigate Donna Swanson, a woman who was present in the residence when the shooting occurred, or the security guards, who were first on the scene after the shooting, to learn if any of them had moved the victim's gun and placed it in the victim's pocket; and failing to retain a firearm ballistics expert to investigate the location of a shell casing. Appellant's Brief at 23-25. Appellant contends that these failures to investigate a possible claim of self-defense led to Appellant entering a guilty plea. **Id.** at 25-27.

We note that "[c]ounsel has a duty to undertake reasonable investigations or to make reasonable decisions that render particular investigations unnecessary." **Commonwealth v. Basemore**, 744 A.2d 717, 735 (Pa. 2000) (citation omitted). "A claim that trial counsel did not conduct an investigation or interview known witnesses presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." **Commonwealth v. Stewart**, 84 A.3d 701, 712 (Pa. Super. 2013) (*en banc*) (citations omitted). In some circumstances, it may be *per se* unreasonable for counsel not to attempt to investigate or interview a known witness. **See id.** However, even if counsel's failure to investigate or interview a witness is *per se* unreasonable, it is not *per se* prejudicial, and the petitioner

must still establish that the failure to investigate or interview a witness resulted in prejudice. **See id.** Further, our Supreme Court has stated:

> Where a claim is made of counsel's ineffectiveness for failing to call witnesses, it is the appellant's burden to show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the appellant. . . . [Further, with respect to an expert witness, the a]ppellant must demonstrate that an expert witness was available who would have offered testimony designed to advance [the] appellant's cause.

**Commonwealth v. Chmiel**, 30 A.3d 1111, 1143 (Pa. 2011) (citations and quotation marks omitted); **see also Commonwealth v. Bryant**, 855 A.2d 726, 745 (Pa. 2004) (concluding that the defendant's claim that expert testimony could have refuted the Commonwealth's theory of the case was purely speculative, and the defendant failed to show how this evidence would have changed the outcome of the trial in light of the other evidence; accordingly, the defendant failed to establish prejudice).

The PCRA court addressed this issue as follows:

> Appellant claims that he shot [the victim] in self-defense. He maintains that because former counsel did not conduct a proper investigation into his self-defense contentions, he felt compelled to forego trial and plead guilty.

> Specifically, Appellant contends that former counsel was ineffective for failing to interview Donna Swanson, the woman who was present at the residence during the shooting, or the security officers who were first on scene as to whether any of them had moved the victim's gun and placed it in his pocket so as to bolster a claim of self-defense and evidence tampering. [W]e acknowledge that "counsel has a duty to undertake reasonable investigations or to make reasonable decisions that render particular investigations unnecessary[.]" [**Basemore**, 744 A.2d

at 735.] [H]ere there is no evidence that any witness would testify that they had touched the victim's gun as such testimony would be inconsistent with prior testimony, interviews and written statements provided to law enforcement. Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation[.]" *Commonwealth v. Tedford*, 960 A.2d 1, [40] (Pa. 2008). The failure of defense counsel to investigate, interview or subpoena . . . potential witnesses was not a basis for obtaining post-conviction relief on grounds of ineffectiveness of counsel where there was no evidence that witnesses would testify in such a manner as to exculpate the defendant from guilt. *Commonwealth v. Hampton*, 410 A.2d 349[, 350] (Pa. [Super.] 1979). Here, former counsel testified that they had cross-examined Ms. Swanson and the security guards at the preliminary hearing and that they had been provided sufficient information through discovery to conduct effective cross-examinations at trial.

Appellant also contends that former counsel was ineffective by failing to investigate the location of the shell casing discharged by his firearm. In this regard, Appellant noted that the shell casing was found inside the victim's residence which he claims he had never actually entered. Appellant maintains that former counsel should have retained a ballistics expert concerning the location of the shell casing and that the failure to do so constitutes ineffectiveness. However, the failure to consult with and present expert testimony is not ineffective assistance of counsel when it is purely speculative that such testimony would have refuted the [Commonwealth's] theory of the case. [*Bryant*, 855 A.2d at 745]. Here, Appellant's claim that the location of the shell casing would support a claim of self-defense or refute the Commonwealth's theory of the case is pure speculation.

Former counsel credibly testified that they reviewed with Appellant the pros and cons of "imperfect self-defense." Specifically, former counsel testified that they had explained the risks with such a defense in this case as Appellant had driven to the victim's residence with a loaded weapon, his testimony was inconsistent, he lied to the Pennsylvania State Police, and his many earlier text messages to Ms. Swanson could provide a potential motive for the crimes. Counsel had a reasonable strategic basis in explaining to Appellant the numerous risks associated with "imperfect self-defense." Despite these risks, counsel was prepared to proceed to trial. Ultimately, Appellant

- 11 -

made the decision to forego trial and plead guilty. Therefore, [Appellant's] claims of ineffective assistance of counsel are without merit.

PCRA Ct. Op., 3/14/25 at 12-14.

After review, we find that the PCRA court's conclusions are supported by the record and free from legal error. *See Staton*, 184 A.3d at 954. As stated, Appellant's guilty plea was knowing, voluntary, and intelligent. *See Kelley*, 136 A.3d at 1013; *Pollard*, 832 A.2d at 522. Further, we conclude that Appellant's claims in his second issue are purely speculative, as he fails to offer any evidence that further investigation into Ms. Swanson or the security guards would have provided evidence that would have changed the result of the proceedings; and therefore, Appellant has failed to establish prejudice prong of the test for ineffective assistance of counsel. *See Thomas*, 323 A.3d at 621; *Stewart*, 84 A.3d at 712. Further, Appellant also failed to establish that there was an expert witness available to offer testimony to support Appellant's defense concerning the shell casing, and as such, Appellant has not established prejudice. *See Chmiel*, 30 A.3d at 1143; *Bryant*, 855 A.2d at 745. Because Appellant cannot satisfy the prejudice prong of the test for ineffective assistance of counsel, his second issue on appeal fails. *See Thomas*, 323 A.3d at 621 (providing that the failure to satisfy any one of the three prongs of the test for ineffective assistance of counsel is fatal to the claim).

For the reasons stated above, we conclude that Appellant is not entitled to relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/18/2025</u>